## BROOKS *v.* CARTER *et al.*

### (*Circuit Court, S. D. Georgia.* March 21, 1888.)

ASSAULT AND BATTERY—CIVIL ACTION—PLEA IN MITIGATION OF DAMAGES.

In an action of assault and battery defendant pleaded in mitigation of damages that plaintiff had promulgated a slander upon defendant's sister, and that after getting plaintiff in his power, and giving him ample opportunity to clear himself by naming the originator of the slander, which plaintiff failed to do, defendant thereupon horsewhipped him. *Held*, that such a plea is not good upon demurrer, the facts alleged not amounting to a justification.

At Law. Damages for assault and battery. Demurrer to plea.
*S. A. Ried, Casey J. Thornton,* and *Hardeman & Davis,* for plaintiff.
*Dupont Guerry,* for defendants.

SPEER, J. This action was brought against the defendants for assault and battery. The allegations of the plaintiff were that the defendant Barnum induced the plaintiff to call with him on one Scarles. Complainant consented to go, and, when the carriage-shop of Scarles was reached, the plaintiff was surrounded by the four defendants, three of whom threatened him with weapons, Barnum compelled him to pull off his coat, and cruelly whipped him with a buggy whip. The plea of Barnum averred that on the day of the assault he, Barnum, came to town, and received a note from one Everett stating that the plaintiff had promulgated a slander upon his (Barnum's) sister. Barnum went immediately to see the plaintiff, and requested him to go with him to Scarles' shop, whereupon the plaintiff went. When Scarles and the plaintiff were confronted at the shop, the plaintiff charged that Scarles had made the defamatory remarks. Scarles denied it, and asserted that the plaintiff had made them. The plea states that the plaintiff thereupon admitted that he had in fact made the statement. The defendant then demanded of the plaintiff his "author," and plaintiff failed to give any author. By this the pleader meant, the author or originator of the slander. Defendant then told plaintiff that he would give him five minutes in which to give the author, but in fact he gave him a quarter of an hour, and then told him he would give him five minutes more, if he desired it, and plaintiff replied, "it was not any use, if he was going to whip him, to whip,"—upon which the punishment was then inflicted. The defendant also states that he offered to go with plaintiff anywhere he desired to go, and to allow him to bring any friends he desired, when plaintiff declined both offers. By this it is presumed that the pleader meant that the defendant offered to go out

and fight a pitched battle with the plaintiff or with the plaintiff's friends. These facts were set up in mitigation of damages. The plea was demurred to.

It is difficult to perceive any principle of those laws which are made for the preservation of social order upon which this plea can be sustained, and the court cannot sanction a plea of this character, however much it may sympathize with the alleged indignation of the defendant. The facts would not amount to complete justification, and where facts offered to be used for mitigation of damages as establishing a less aggravated case against the defendant do not amount to a justification, and merely tend to palliate the character of the offense, and mitigate the wrong, they are admissible in evidence in reduction of damages under the general issue. *Avery* v. *Ray*, 1 Mass. 12; 2 Add. Torts, 1392. It is true, however, that the defendant cannot give in evidence in reduction of damages the acts and declarations of plaintiff at a different time, or any antecedent facts which are not fairly to be considered as part of one and the same transaction with the assault though they may have been ever so irritating or provoking. Sedg. Dam. 555. The provocation, to entitle it to be given in evidence in mitigation of damages must be so recent and immediate as to induce a presumption that the violence done was committed under the immediate influence of the feelings and passions excited by it. Id.; *Mitchell* v. *State*, 41 Ga. 527. Here the defendant sought the plaintiff, and demanded an explanation. Time was taken for deliberation and for consultation. Searles was interviewed, and then the defendant gave the plaintiff 25 or 30 minutes in which to make a declaration by which he could avoid the cowhiding with which the defendant threatened him. The plaintiff finally stated that it was no use to wait any longer, and the defendant proceeded to lay on the cowhide. No court which respects social order can permit a deliberate avowal of this character by a defendant to be regarded as a plea. He assumed to judge the wrong, he imagined had been done a member of his family. This was not his province, but the province of the courts of the country. He became the executioner of his own sentence. He did it with the utmost deliberation. It is this disposition to ignore the law that produces so many cases of mob violence; so many of flagrant and dangerous social disorder. If courts give even a partial sanction to this rude and unjustifiable method of redressing real or imaginary wrongs, it would be to license crime, and uproot the settled principles of public justice. *Mitchell* v. *State*, 41 Ga. 536. It is competent for the defendant to have the benefit of any mitigating circumstance which is a part of the transaction complained of, and which would tend to excuse or justify the act; but if the facts recited here could be held to mitigate so cruel and deliberate an assault, it would be difficult to conceive of a case where a party could be punished for usurping the prerogatives of the courts and taking the law into his own hand. The plea nowhere asserts that the plaintiff originated the slander; but if he did, the defendant had no authority to deliberately try him, and then deliberately beat him.

The demurrer is sustained.